

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 22, 1950

Hon. C. Bennett
County Attorney
Crane County
Crane, Texas

Dear Mr. Bennett:

Opinion No. V-1109

Re: Legality of holding an
election to levy added
county taxes for farm-
to-market roads or flood
control prior to 1951.

You present for the opinion of this office the
following question:

"Can an election be held anytime during
the remainder of the year 1950 for the pur-
pose of authorizing the levy of the addition-
al 30¢ upon the $100.00 valuation to become
effective on January 1, 1951?"

This office has heretofore held that the provi-
sions of House Bill 107, Acts 51st Leg., R.S. 1949, ch.
464, p. 849 (Art. 7048a, V.C.S.), which require a local
election to determine if and when the 30-cent per $100.00
valuation county tax authorized by the amendment to Section
1-a of Article VIII of the Texas Constitution shall be lev-
ied, are valid.   Atty. Gen. Op. V-1077 (1950)

Section 1c of Article VIII provides as follows:

"Provided, however, the terms of this Re-
solution shall not be effective until House
Joint Resolution No. 24 is adopted by the peo-
ple and in no event shall this Resolution go
into effect until January 1, 1951." (Emphasis
added)

Moreover, in the emergency clause of House Bill
107, supra, (Article 7084a), it is stated that "this Act
shall be in force from and after its passage, and shall take
effect on January 1, 1951." (Emphasis added) This clearly
reflects the Legislature's interpretation of the effective
date of the above Resolution.

Thus, we see that both under the Constitution and
the emergency clause of the Act, the terms thereof will not

be operative until January 1, 1951. Therefore, there will be no effective authority to order and hold the election until January 1, 1951.

In Corpus Juris, Vol. 20, p. 95, it is stated: " . . . an election held without affirmative constitutional or statutory authority is universally recognized as being a nullity. An election purporting to have been held under a statute which by its terms had not then gone into effect is void."

In the case of Smith v. Morton Independent School District, 85 S.W.2d 853 (Tex. Civ. App., 1935, error dism.), it was held:

"In our form of government elections must be held by virtue of some legal authority, and an election held without affirmative statutory authority or contrary to a material provision of the law is universally held to be a nullity."

It is true that it is provided in the emergency clause of House Bill 107 that the bill "shall be in force from and after its passage," but it is our opinion that this means, when considered with the clause immediately following, that upon enactment such bill would become a part of our statute books. It could have no other meaning, for immediately following it is provided that the bill "shall take effect on January 1, 1951." The intent is clear, when considered with Section 1c of Article VIII, that the bill would not become operative until January 1, 1951.

The effect of this conclusion will not deprive the county of a year's tax, for it is manifest that no tax could be levied for any year prior to 1951. After the operative date of the Constitutional provision and the statute, there is ample time to order and hold an election so that the tax can be levied, along with the other county taxes, for the year 1951.

## SUMMARY

An election for the purpose of authorizing the commissioners' court to levy a tax for farm-to-market roads or flood control cannot legally be ordered and held prior to January 1, 1951.

Article VIII, Secs. 1a and 1c, Tex. Const.;
Art. 7048a, V.C.S.

APPROVED:                                Yours very truly,

Everett Hutchinson                          PRICE DANIEL
Executive Assistant                         Attorney General

Charles D. Mathews
First Assistant

By *[signature]*

GWS-s                                    George W. Sparks
                                         Assistant